No. 59.—James Harrison and others, plaintiffs in error, *vs.* Norman B. Thompson, defendant in error.

[1.] Where a Sheriff seized and sold the property of a defendant for an amount larger than the sum due on the execution, and returned, that the proceeds of the sale were taken for *costs*, without specifying what costs: *Held*, that such a return, by the Sheriff, was neither legal nor proper; that it was his duty to distinctly state in his returns, the particular items of costs for which the money, arising from the sale of the defendants property, was appropriated.

[2.] When the Court charges the Jury on an assumed state of facts, not proved before the Jury, it is erroneous.

Motion, in Sumter Superior Court. Decided by Judge WARREN, November Term, 1850.

This was a motion to set aside and have satisfaction entered on a *fi. fa.* in favor of defendant in error against plaintiffs in error, for $74, principal, and $4 75, interest, on the ground that the entries on the paper itself, unless explained, showed the same to be paid off. Those entries were as follows :

" Levied the within *fi. fa.* on lot No. 167, the west half of lot No. 86, in the 26th district; also, lot No. 92, in the 27th district; all levied on as the property of James Harrison, March 29, 1842.                    E. J. COTTLE, Sheriff."

" The above levy was sold the sixth of September, for fifty-six dollars and fifty cents, and was taken for costs on this and other *fi. fas.* September, 1842.             E. J. COTTLE, Sheriff.

" Levied the within *fi. fa.* on one wagon and mule, and three head of horses, and fifty head of stock cattle, as the property of James Harrison, pointed out by defendant, September 27, 1842.
                    " E. J. COTTLE, Sheriff.

" The above levy was sold on the first of November, for one hundred and·six dollars, and taken for costs, November 2, 1842.
                    " E. J. COTTLE, Sheriff."

The Court overruled the motion, holding the returns to be legal and proper until defendant disproved them. This is the first error assigned.

An issue being then tendered and joined, the defendant introduced two witnesses, one of whom swore that he lived near the Sheriff at the time the last levy was made, and never saw any of the property in the possession of the Sheriff, or on or about his premises ; and the other swore that he was present at the sale, and that one of the defendants brought the property to the place of sale, and carried it away. There was no other evidence introduced.

The Court charged, " that the return of the Sheriff was legal

and proper, and that unless the defendants disproved the return that costs were due, as claimed by the Sheriff, for the keeping of said cattle, &c. that the Jury must find for the plaintiff, and that he was equally entitled to the costs, whether he kept the cattle himself or procured an agent to keep them for him."

To which charge defendants excepted, on the ground that it was founded on an assumed statement of facts, there being no proof as to any agency. And this is the second error assigned.

B. HILL, representing SULLIVAN & BROWN, for plaintiffs in error.

H. HOLT, representing DUDLEY & CRAWFORD, for defendant.

*By the Court.*—WARNER J. delivering the opinion.

[1.] The first error assigned upon the record is, that the Court below refused to grant the motion to have the execution entered satisfied, unless the entries thereon by the Sheriff were explained.

It appears by the returns of the Sheriff on the *fi. fa.* that property of the defendant has been sold, and the proceeds of the sale more than sufficient to have paid it off. The property, sold under the levy of 29th March, 1842, brought $56 50, and the Sheriff returns that the whole amount was taken "*for costs on this and other fi. fas.*" The levy of 27th September, 1842, was sold for $106 00, and the whole amount, according to the return of the Sheriff, was taken for costs. In accounting for the proceeds of the first levy, the Sheriff returns, that the whole amount thereof was taken "for costs on this and other *fi. fas,*" but what *other fi. fas.* does not appear. In accounting for the proceeds of the second levy, the Sheriff returns, that the $106 00 was taken *for costs.* What costs? When the property of a defendant is seized and sold by the Sheriff, under judicial process, he has a right to know what has been done with the proceeds of such sale. If applied to the satisfaction of *other fi. fas.* he is entitled to know *what particular fi. fas.* If applied

to the payment of *costs*, he is entitled to know *what costs*, and to have the particular items of costs specified in the Sheriff's return.    Here is an execution for less than one hundred dollars, including principal, interest and costs, by virtue of which one hundred and sixty-two dollars and fifty cents has been raised by the sale of the defendant's property, and the whole amount been applied, according to the returns of the Sheriff, to the payment of *costs*, without specifying what *particular items of costs*, or to what particular *fi. fas.* if any, the costs have been paid.    According to the record before us, the Court refused the motion to have the execution entered satisfied, holding the returns of the Sheriff to be *legal* and proper, until the defendant disproved them.    We are of the opinion that the returns of the Sheriff, as the same appear on the record, were neither *legal* nor *proper*, for the reasons already stated.    Besides, it would have been extremely difficult for the defendant to have proved a *negative.*    It was the duty of the Sheriff to have shown, by his returns, the *specific* appropriation of the money to the payment of costs.

[2.] The second assignment of error is, to the charge of the Court to the Jury.

The Court charged the Jury, " that the return of the Sheriff was *legal* and *proper*, and unless the defendant disproved the return that costs were due, as claimed by the Sheriff, for keeping *the cattle*, &c. that the Jury must find for the plaintiff, and that he was equally entitled to the costs, whether he kept *the cattle* himself or procured an *agent* to keep them for him."    The Sheriff's returns do not show that any costs were charged for *keeping cattle*, nor does it appear from the record that there was any evidence before the Jury that the Sheriff kept any cattle of the defendant, for which he was entitled to charge costs, either by himself or *agent*.    The charge of the Court appears to have been predicated on an *assumed* state of facts not proved before the Jury, and, therefore, as we have frequently held, erroneous.

Let the judgment of the Court below be reversed.