### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE,

## MAY TERM, 1853.

Present—JOSEPH H. LUMPKIN,       ⎫
           HIRAM WARNER,          ⎬ Judges.
           EUGENIUS A. NISBET. ⎭

---

No. 44.—THOMAS McBAIN, plaintiff in error, *vs.* WILLIAM B. SMITH, defendant in error.

[1.] In this State, the action of trover is a substitute for the old action of detinue, the object of which is, to recover the possession of the specific chattel sued for : and where such action was instituted for the recovery of the possession of a negro slave by the owner, proved to have been stolen from him in the State of Alabama: *Held,* that the action was maintainable without first prosecuting the thief to conviction or acquittal, the more especially when the offence was committed in a foreign jurisdiction.

[2.] When a request is made to instruct the Jury as to an abstract principle of law, which is unexceptionable in itself: *Held,* to have been properly refused, when there was no evidence before the Jury upon which to predicate such a request.

Trover, in Thomas Superior Court. Tried before Judge HANSELL. November Term, 1852.

This was an action brought by Wm. B. Smith against Thomas McBain, for the recovery of a negro man, Martin. It

appeared in evidence, that the negro was stolen from Smith in Alabama, brought to Georgia and sold to McBain. On the trial, counsel for McBain moved to nonsuit Smith, on the ground that he had not prosecuted the thief, one Joshua Ferguson, to conviction or acquittal, before commencing this suit. The Court refused the motion, and this is the first error assigned.

It was in evidence that " Smith said that the negro was originally the property of old man Ferguson ; that James Ferguson was his (Smith's) factor in New Orleans, and had used his money from sale of cotton ; that James Ferguson brought the boy to his plantation and left him there ; that the boy was all he ever got for his debt ; that a suit was pending against him in Kentucky for said boy, by the heirs of old Ferguson, who claimed him."

Defendant's counsel requested the Court to charge the Jury that "the admissions of the plaintiff, made with an understanding of his rights, adverse to his interests, was one of the highest species of evidence against him." The Court refused so to charge, and this also is assigned as error.

SEWARD, represented by ROCKWELL, for plaintiff in error.

COLE, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first question made by the record in this case, is the refusal of the Court below to nonsuit the plaintiff, on the ground that Joshua Ferguson, who stole the negro in the State of Alabama, had not been prosecuted to conviction or acquittal before the commencement of the suit. In *Neal vs. Farmer*, 9 *Georgia Rep.* 559, this Court held, that in cases of treason, and such crimes as are felonies by the Common Law, the person injured is not entitled to his action until the offender is prosecuted to a conviction or acquittal. Whether it was a felony, by the Common Law, to steal a slave, we do

not find it necessary to determine, in the view which we take of this case. The object of the plaintiff's action was not, technically speaking, to recover damages for any specific injury done to his property, but to recover the possession thereof.

In this State, the action of trover is a substitute for the old action of detinue, the object of which, is to recover the possession of the specific chattel sued for.

In the old action of detinue, the judgment was in the alternative, that the plaintiff recover the specific chattel, or the value thereof, if he could not obtain the chattel itself, and his damages for the detention. 3*d Bl. Com.* 151. 1 *Chitty's Pleading,* 122. *Panly vs. Holly,* 2 *Wm. Blackstone's Rep.* 854. Under our practice, the verdict in an action of trover does not absolutely vest the title to the property in the defendant, as at Common Law, but the verdict is in the alternative, as in the old action of detinue. This practice has received the sanction of the Legislature. See *Act* 1850, *Prince,* 466. The conclusion then is, that a party whose property has been stolen, may maintain an action of trover in this State for the recovery of the possession thereof, without prosecuting the thief to conviction or acquittal in the first instance; the more especially, when the offence was committed in a foreign jurisdiction, as in this case. The second ground of error assigned is, that the Court refused to charge the Jury, on request of defendant's counsel, that "the admissions of the plaintiff, made with an understanding of his rights, adverse to his interests, was one of the highest species of evidence against him." This request, as an abstract legal proposition, is unexceptionable; but in view of the evidence contained in this record, was properly refused by the Court.

[2.] The request assumes that the plaintiff had made admissions adverse to his title to the property in dispute. We are unable to find any such evidence. The negro may have been originally the property of old man Ferguson, and suit may have been instituted by his heirs to recover him, under a claim made by them: but there is no admission by the plaintiff of

the validity or justice of that claim, or of any title to the property in any other person paramount to, or adverse to the plaintiff's claim, who purchased him from James Ferguson, in whose possession the negro was at the time of the purchase, in satisfaction of a debt which the latter owed him.

Let the judgment of the Court below be affirmed.