Simeon Henderson *vs.* Benjamin E. Stiles.

No. 21.—SIMEON HENDERSON, plaintiff in error *vs.* BENJAMIN E. STILES, defendant.

[1.] Instructions not warranted by the facts of a case are error.

[2.] Any acts of violence on the part of a person employed by another, incompatible with the peaceful and full exercise of all the rights of dominion over his property, on the part of the employer, except to the extent that those rights are expressly waived, are a violation of the contract; and in such case the employed is not entitled to recover any thing.

Assumpsit in Bibb Superior Court. Tried before Judge POWERS, May Term, 1853.

This was an action brought by Henderson against Stiles, to recover wages as an overseer. The plaintiff declared upon an agreement, and also upon a *quantum meruit*. It appeared in evidence, that the defendant had employed the plaintiff as his overseer; and that the latter had entered on the business, and remained with him from the beginning of the year until September, when a quarrel ensued between them; and the plaintiff had beaten the defendant with a gun, and had immediately left the plantation. The evidence was not positive, whether plaintiff had left of his own accord, or had been discharged by defendant. The Court charged the jury, that if the hiring was for a year, and plaintiff voluntarily quit the service of the defendant, he was not entitled to recover any thing for the services he had rendered. The Court further charged, that if plaintiff undertook to oversee for Stiles, under an agreement to comply with certain rules and regulations, as laid down to him by Stiles; and after entering on his service, did obstinately and habitually violate these rules, he could not recover. And when requested by plaintiff to charge, that if the jury believe from the evidence that defendant discharged plaintiff from his service, the plaintiff was entitled to recover the value of the services actually performed, the Court refused so to charge, except with the qualification just above stated. To which charges and refusal the plaintiff excepted, on the ground that

though there was evidence that the defendant had certain rules for the government of his plantation, there was no evidence that the plaintiff had violated any of them. And upon such charge the plaintiff assigns error.

STUBBS & HILL, for plaintiff in error.

POE, NISBET & POE, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] We do not believe that any error was committed upon the trial of this cause, except in the instruction of the Judge to the jury, that if they believed that the plaintiff habitually and obstinately violated the rules prescribed by Mr. Stiles for the management of his plantation, then they should find for the defendant. This charge was right in itself, and we send the case back for the sole reason that after a careful examination, we find no evidence to warrant it. There is evidence of the prescription of certain rules; but none whatever that the overseer violated them. We must be governed by general rules; and this Court has often held, that instructions which are not called for by the facts of the case is error. The Court instructed the jury also, that if Stiles turned off the plaintiff, he (plaintiff) was entitled to recover for the time that he was in his service, provided they should not find that the plaintiff violated the rules prescribed. The charge was right, but the qualification for the reasons given above was wrong.

[2.] The general law governing this class of cases was properly administered, to wit, that if a contract for the year was proven, and the plaintiff violated it, he was not entitled to recover any thing. If he failed to comply with his covenants, or if he abandoned the service of his employer, he forfeited all right to any benefit under the contract. If there was no contract for a specified time, the plaintiff may recover on his *quantum meruit* count. And if there was proof of a contract for the year, and the defendant Stiles broke his covenants by turn-

ing the plaintiff off or otherwise, then the plaintiff is entitled to recover for the time that he was in his service. These rules apply generally to this class of cases, and were correctly laid down by the Court.

There is, however, a peculiarity in this case which requires a special notice. It appears, from this record, that the plaintiff, without provocation, fell aboard of Mr. Stiles, being on his own premises, and brutally beat him with the barrel of his gun, even to the endangering of limb and life, and that this assault and battery preceded any breach of the contract by Stiles, if, indeed, any was ever made or contemplated, which we do not by any means assert. Any acts of violence on the part of the employed, incompatible with the peaceful exercise of all the rights of dominion over his property on the part of the employer, is a breach of the contract in the judgment of this Court, forfeits his right to recover any thing. The exercise—the full enjoyment of those rights without hazard to his person, except so far as they are by contract waived, enters into every contract of this character, and when they are destroyed or impaired by illegal violence, the contract is violated.

Any other rule would subvert the foundation of all proprietary rights, and it needs no illustration. This case is remanded, with instructions that the above rule be given in charge to the jury.