Daniel vs. Johnson.

---

EGBERT P. DANIEL, plaintiff in error, vs. JAMES L. JOHNSON, defendant in error.

[1.] When a party proposes to prove that a certain amount of notes was turned over to another, in part payment of a demand, it is not necessary to produce the notes so turned over, the rule concerning the degrees of evidence not applying to such a case.

[2.] It is legal to prove that notes so turned over, were to be applied, not to the demand sued on, but to what the defendant owed the plaintiff, on account of their partnership debts paid off by the plaintiff, and such notes so paid off are admissible as corroboration of the other proof.

[3] A defendant in chancery can not use his answer as evidence for himself in another case, further than he could in the original case, and not in either, unless it appears to be responsive to the bill.

[4.] It is error to give charges on a state of facts not shown by the evidence.

Assumpsit, in Spalding Superior Court. Tried before Judge CABANISS, at May Term, 1859.

This was an action of assumpsit by Egbert P. Daniel,

Daniel vs. Johnson.

against James L. Johnson, on three promissory notes; one for $1,150, payable 25th December, 1851; one for $200, payable 25th December, 1854, and one for $140, dated 8th January, 1852, and payable one day after date.

The following credits were endorsed on the eleven hundred and fifty dollar note, viz:

" One half of James L. Johnson's stock, when ascertained, at wholesale prices, is to be placed to his credit on this note. 1st June, 1852, which is $556 28."

" Received on the within note an account on James Daniel for $28.    25th December, 1855."

" Received on the within note $35 25, from McCune's note.    22d February, 1854."

On the $140 note was the following credit:

" Received on the within note $28 00, October 1st, 1853, from Harleston's note."

" Received on the within note $5 00, from Bozwell's note. 1st August, 1855."

The defendant pleaded payment and set-off.

At the trial plaintiff offered in evidence the note sued on and rested.

Defendant, amongst other things, offered to prove that plaintiff had admitted some two or three years before, that defendant had turned over to him notes amounting to about $550, amongst which was a note on Burrell Orr for $150, to go in payment of defendant's indebtedness to him. Plaintiff objcted to this testimony; the Court overruled the objection and plaintiff excepted.

Defendant having closed, plaintiff in reply offered in evidence, a note made by Daniel and Johnson (plaintiff and defendant, who had been partners in a tanning business) dated 3d November, 1851, payable to Thomas C. Trice, or bearer, for $445, with the credits thereon, and which plaintiff claimed he had paid off. Defendant objected to this evidence, on the ground that said note was against the partner-

ship of Daniel & Johnson, and the payment or possession thereof by plaintiff, was not an individual demand against defendant. The Court sustained the objection and plaintiff excepted.

The plaintiff then offered in evidence the records of the proceedings of a chancery cause then pending, in which defendant was complainant, and plaintiff was defendant, the answer of defendant to said bill, being a part of said record, and in which answer it was alleged that the notes now plead as payment or set-off, was pleaded as payment to Daniel, as agent for Martha C. Martin. Defendant objected to the admission of this record, on the ground that the answer was not competent evidence for plaintiff.

The Court sustained the objection as to the answer, but holds that plaintiff might introduce the bill. To which ruling plaintiff excepted.

The Court charged the jury as follows:

" That when a debtor makes a payment to a creditor, who has several demands against him, the debtor has the right to apply it to any demand he pleases, and may specify; and if he makes no application, the creditor has the right to apply it to any of his demands he may see proper; if no application is made at the time of payment by either party, the law will then apply it to the debt of the lowest grade. In the case before you, if the payment made by the defendant and which he has pleaded, was by agreement of the parties to be applied to an indebtedness of defendant other than the notes sued on, it must be so applied. If the defendant intended, and directed the payment to be applied to the notes sued on, he was then entitled to a credit to that amount; but if no application was made by either at the time of payment, then it was for them, under the direction of the Court, to make the application, and they had no right to apply the individual funds of defendant, to the payment of his share or proportion of partnership debts, which had been paid off, or taken up by the plaintiff; but his individual assets must be

first applied to the individual debts of defendant, before any could be applied to the payment of partnership demands or liabilities. His individual funds could not be legally applied o advances made by one partner for the partnership, until an account had been taken between the partners and a balance found against him.

The jury found for the plaintiff two hundred and forty-two dollars and six cents; whereupon, plaintiff moved for a new trial upon the following grounds:

1st. Because the verdict is contrary to the evidence.

2d. Because the verdict is decidedly and strongly against the weight of evidence, and without evidence to support it.

3d. Because the Court erred in the rulings and decisions on the evidence as above stated, and excepted to at the time.

4th. Because the Court erred in its charge to the jury.

5th. Because the verdict is contrary to the charge of the Court and the law.

The Court refused the motion for a new trial, and plaintiff excepted.

PEEPLES & CABANISS, for plaintiff in error.

DANIEL & DISMUKES; and ALFORD, contra.

*By the Court.*—STEPHENS J. delivering the opinion.

This was a case where Johnson, the defendant, was seeking to diminish the demand of the plaintiff, Daniel, by showing that he had turned over notes to the plaintiff, with an understanding that they were to be applied as a credit on the notes sued on.

[1.] The plaintiff objected to the proof on that point. We can see no valid objection to its admission. It was rather vague to be sure, being an admission of plaintiff, that he had received notes to a certain amount to be applied to the defendant's indebtment, without stating what indebt-

Daniel vs. Johnson.

ment; but such as it was, it ought to have gone to the jury, for what it was worth. It was said in the argument, that the notes turned over, were the best evidence of their amount, &c. It might as well be said that the bank-bills in which a payment happened to be made, were the best evidence of their amount. There was no attempt here to prove the contents, or any part of the contents of the notes turned over, and hence the rule, as to the best evidence, does not apply. It was a simple question of how much the plaintiff had agreed to credit on his demand.

[2.] The plaintiff offered in evidence, by way of rebuttal, certain copartnership notes of himself and defendant, in connection with evidence that the notes turned over were, by agreement between the parties, to be applied to defendant's part of such copartnership debts as had been paid off by plaintiff. This evidence was rejected, upon the ground that the notes appeared on their face to be firm notes, and therefore had nothing to do with individual transactions between the parties. This ground of objection loses sight of the issue. The question was, whether or not the notes turned over, were to be applied to the notes sued on. If they were by express agreement to be applied to *other* demands (without regard to what those others might be) it was evidence that they were *not* to be applied to the demand in suit. To show that the plaintiff *had* such other demands by producing them, was corroboration of his proof touching the agreement; and the evidence ought to have been admitted.

[3.] The plaintiff offered to read in evidence his own answer, as part of the entire record in a chancery suit, wherein Johnson was complainant, and Daniel was defendant; and upon objection made, the Court ruled it out. We think it was rightly excluded, for it did not appear, so far as we are informed by the record in this case, that the answer was responsive to the bill; if not, it could not be evidence for Daniel, even in the chancery suit, and it will hardly be sug-

gest( d that he could use his own answer further in another case, than in the case of which the answer forms a part.

[4.] We think the Court erred in giving the jury any chaige as to how payments were to be applied in the absence of an agreement about it between the parties, for that was not this case. Here both sides contended there was an agreement, and all the evidence tended to show there was one. They differed as to what the agreement was.

[5.] The Court erred also in charging the jury on the subject of the proper application of individual funds, when turned over to one partner by another without directions how to apply them. The error here, as in the other instance, was in a mistake of the issue. There was not an absence of directions, but a dispute about what the directions were.

Judgment reversed.