## PATTEN *vs.* NEWELL.

1. A charge, not warranted by fact, is error.
2. Parol evidence is incompetent to prove that a draft, payable to the order of P. generally, was intended to be negotiated at bank.
3. The drawer is not discharged from his liability on a draft on the ground that the holder did not present it for acceptance or payment at the proper time, unless he is injured thereby.

Case, in Baldwin Superior Court. Tried before Judge LAMAR, at March Term, 1860.

This was an action by Richard Patten, for the use of Seaborn Jones, against Isaac Newell, on a draft drawn by Newell, of which the following is a copy :

" GORDON, 1st December, 1855.
" Sixty days after date please pay to the order of Richard Patten, Esq., sixteen hundred dollars, and charge to account.
                                    " Yours respectfully,
                                              " ISAAC NEWELL.
" To Messrs. Reese, Davis & Long,
                        " Savannah, Ga."

The declaration contained a count for money paid to Reese, Davis & Long, for defendant, and at his instance and request, amounting to eighteen hundred dollars.

The defendant pleaded the general issue; and further, that at the time the draft sued on fell due, defendant had funds in the hands of Reese, Davis & Long; and further, that defendant had a right to notice of the dishonor of said draft, being a paper owned by the Marine Bank, and that there was no transfer by which the action could be maintained by the plaintiff; and payment.

The testimony being closed, the Court charged the jury, that if they believed that the draft bore evidence on its face of an erased and obliterated acceptance, then plaintiff must account for, and explain the same before he could recover. The Court further charged, that if the jury believed, from the evidence that it was a bank transaction, then defendant was entitled to notice of non-acceptance, and if said notice was not given, defendant was not liable, even if the acceptance was for accommodation, of which they must judge from the proof. To which charge plaintiff excepted. The jury found for the defendants; whereupon, plaintiff tenders his bill of exceptions, assigning as error said charge.

W. McKinley, for plaintiff in error.

Kenan, *contra.*

*By the Court.*—Lyon, J., delivering the opinion.

This suit was on a draft, of which the following is a copy:

"Gordon, December 1st, 1855.
"Sixty days after date, please pay to the order of Richard Patten, Esq., sixteen hundred dollars, and charge to acc't of
"Yours respectfully,
"Isaac Newell.
"To Messrs. Reese, Davis & Long,
"Savannah, Ga."

The draft was never presented for acceptance or payment, but was discounted by Patten, and money enough given to him by Newell, which, with the proceeds of the draft so discounted, would make up the sum of $1,800 00. And this sum of money was remitted by Patten to Reese, Davis & Long, to the credit of the drawer and defendant. Newell had no

funds in the hands of the drawers, either at the drawing or maturity of the draft for its payment, but was otherwise indebted to that firm.  On the 1st February, 1856, about the time the draft matured, the drawers acknowledged the receipt of $800 00 to the credit of the defendant, but that sum was insufficient to pay either this draft or his other indebtedness to the firm.  That firm also received from him, on the 15th February, 1856, $1,300 00; but that was too late to save this draft from dishonor, and seems, also, to have been on some special account.

There was a contest in the Court below, on the trial, as to whether there had not been an acceptance of this draft, and that acceptance stricken from the paper by erasure.  The Court did not undertake to decide that question by an inspection of the paper, but submitted it to the jury, with the following instruction: " If they believed the draft bore evidence on its face of an erasure or obliterated acceptance, then plaintiff must account for, and explain the same, before he could sustain an action and recovery thereon."  For the purpose of getting the question involved in that charge, before this Court, and determined on its merits, counsel, by agreement, submitted the original paper to us for inspection.

1.  From a careful examination of the original paper sued on, thus submitted, we are clear that no such acceptance, erasure or obliteration appears on the face of the paper.  There has been a very heavy erasure, in ink, of some indorsement from the back, that shows darkly through the paper, and the jury must have been misled by that appearance.  The face of the paper was smooth, and had evidently not been written upon, other than the draft itself.  So we think the charge was unwarranted by the fact, and erroneous.

The Court also charged the jury, that if they believed, from the evidence, that this was a bank transaction, then defendant was entitled to notice of non-acceptance, and if no such notice and protest was proven by plaintiff, defendant was not liable.

2.  Whether the paper was intended to be negotiable in bank, or was a bank transaction, does not appear from the paper itself, and parol evidence was inadmissible to establish that fact.  *Stubbs vs. Goodall,* 4 *Ga.,* 106, was then no legal evidence of the fact before the Court to authorize that

part of the charge.    But there is a more serious objection to the charge.

3.  This controversy was between the holder and the drawer, and as between them, the drawer is not entitled to notice of non-acceptance or of non-payment, whether the paper was a "bank transaction" or not, unless the drawer has sustained some injury in consequence of a failure to demand payment at a proper time.    *Daniel vs. Kyle & Barnett*, 1 *Kelly*, 304; *same case*, 5 *Ga.*, 245.    If, for instance, the defendant had funds in the hands of Reese, Davis & Long, for the payment of this draft, and by reason of the non-presentation of the paper to them for payment, and want of notice to him of the non-payment, these funds were lost to him from the failure of the drawers or otherwise, then, in that or the like case, his liability on the paper would be gone.    To be discharged from liability, the drawer must sustain actual injury from the act or neglect of the holder.    Nothing of the sort exists in this case.    The proof shows that he had no funds in the hands of Reese, Davis & Long to meet the draft.    He lost nothing by the non-presentation, either for acceptance or payment.

Counsel for defendant insist, that although the charge of the Court might be erroneous, the verdict of the jury was right upon the merits; that is, that the draft had been paid to Reese, Davis & Long, who were partners of Patten, the holder, and that being so, this Court ought not to disturb the verdict.    We cannot agree with the counsel, for there is not one particle of evidence showing that the draft or any part of it was paid either to Reese, Davis & Long, or to Patten, but to the contrary.    The witness, Hodges, says in answer to the 6th direct interrogatory, that the charge for $1,800 00 is not just.    True, it is not, and the plaintiff does not claim it.    It was only put in the declaration by plaintiff to fall back on as money advanced for defendant in case the Court should hold that he could not recover on the draft.    All that the plaintiff claims is the amount due on the draft; and, to our minds, the evidence is very clear that that amount is still due, and unpaid by the defendant.

Judgment reversed.