. THE BANK OF WASHINGTON *vs.* ELLINGTON.

1. The verdict in this case is not supported by the evidence.
2. Charges which are not founded on the evidence should not be given.
3. It was error for the court to charge that the issue was mainly one of law, when in truth the issues of fact were such as to control the case.

Verdict. New Trial. Charge of Court. Before Judge POTTLE. Wilkes Superior Court. May Term, 1880.

Reported in the decision.

F. H. & JNO. D. COLLEY, for plaintiff in error.

S. H. HARDEMAN, for defendant.

CRAWFORD, Justice.

The Bank of Washington had a *fi. fa.* against Z. D. Colley for $478.98, which was paid off by S. C. Ellington to remove the lien of the same from the land of the defendant, upon which he held a mortgage. He paid this sum, as he alleged, upon the *representations of the officers of the bank* that there was that amount due, when in fact

The Bank of Washington *vs.* Ellington.

there was only $422.00 due, as there had been *paid* on their *fi. fa.* the sum of $56.00, which had never been *entered as a credit* thereon.

The facts, as shown by the record, and upon which Ellington claimed the right to recover, were substantially, that another and younger *fi. fa.* in favor of Franklin & Whitney had been levied upon three bales of Colley's cotton, notice of which having been brought to the president of the bank, he said to the sheriff that if either of the *fi. fas.* against Colley had to take the cotton, that he intended to claim the money on the bank's, and notified the sheriff to hold it up.

This notice having been communicated to the attorney representing the Franklin & Whitney *fi. fa.*, he said to the sheriff that he would see the president of the bank and arrange it. On the following day two bales of the cotton were turned over by the sheriff to Green Bros., and one to the attorney for Franklin & Whitney, as directed by him ; and who swears that *his* only reason for *releasing* the cotton levied on, and *allowing* the Green Bros. to take two bales of it, was the information he received through the sheriff of what the president of the bank had said about claiming the money on the bank *fi. fa.* Several days after the cotton had thus been disposed of, the sheriff told the president of the bank that the Green Bros. had gotten two bales of it, and to which he replied that he was glad of it, because they had supplied Colley with the means to make his crop.

Under the testimony and charge of the court the verdict was for Ellington, and for $56.00. A new trial was denied the bank and it excepted.

The material errors complained of are—

(1.) The want of evidence to support the verdict.

(2.) That the court charged the jury : If an execution creditor, having the older lien on a fund in the hands of the sheriff, allows such fund by his consent to be applied to a younger *fi. fa.*, it shall be considered an extinguish-

ment *pro tanto* of such creditor's lien so far as third persons may be concerned.

(3.) That if you believe from the evidence that the *fi. fa.* of Franklin & Whitney was levied on the cotton, and taken possession of by Crafton, the sheriff, and while it was in his possession the bank, through its president, consented that Green Bros. should have two bales, and Franklin & Whitney one, and that was carried out, the lien of the bank *fi. fa.* was extinguished to the extent of the value of two bales of cotton, so far as third persons are concerned.

(4.) Because the court said to the jury: The issue before you is mainly one of law.

1. Upon the first ground of error assigned, which is that the verdict is without sufficient evidence to support it, we have to say that it nowhere appears that any representation of the amount due upon the execution was ever made by any officer of the bank to Ellington, or by any one for it. Neither does the evidence show that there was paid, as alleged in plaintiff's declaration, $56.00, which payment had never been entered as a credit on said execution, nor does any fact stated by any witness authorize a credit to be so entered. The allegations were unsupported by the proof.

Whatever might be the right to recover upon the representations alleged, when there had been acts of the plaintiff which extinguished a part of the debt, *non constat* that an allegation that a payment had been made, and not entered, would give the same right.

2. The objection to the charge of the court in the second and third grounds is, that there is no testimony going to show that the bank ever gave its consent that any fund or property which was in the hands of the sheriff might be applied to the payment of the *fi. fa.* in favor of Franklin & Whitney, or other younger *fi. fa.* Nor that it ever gave its consent through its president, or otherwise, that the Green Bros. should have the two bales of the defend-

ant Colley's cotton, which it is alleged that the sheriff turned over to them after his levy thereon.

An examination of the record shows that the president of the bank notified the sheriff to hold up the money; that subsequently Ellington paid off the bank *fi. fa.* to the sheriff, who paid it to the bank. But it does not appear from the testimony of the sheriff, Ellington, or any other witness, that there was any consent given to the disposition of the cotton by the bank. Upon the contrary, the sheriff swears that he turned over two bales of cotton to Green Bros. as *Franklin & Whitney's attorney told him.* Further, that attorney himself swears, that *his* only reason for releasing the cotton and allowing the Green Bros. to take two bales of it, was the information received through the sheriff as to what the bank intended to do about claiming the money. Besides these facts, it appears that the president knew nothing of the disposition of the cotton until the fact was communicated to him several days afterward by the sheriff. So that, taking the brief of the testimony in the record, these charges were unauthorized, and therefore error.

3. The last ground of error complained of is that the judge instructed the jury that the issue before them was mainly one of law.

This is not the case as it is presented to this court; upon the contrary, these *facts* are material and controlling, and a new trial must be granted.

Judgment reversed.