*F. L. Breen,* for plaintiffs.   *R. H. Pharr,* for defendant.

McRAE *v.* THE STATE.

No. 10621.   SEPTEMBER 12, 1935.

Frank A. Bowers, James R. Venable, and Robert McGinley, for plaintiff in error.

M. J. Yeomans, attorney-general, H. G. Vandiviere, solicitor-general, B. D. Murphy, J. T. Goree, and A. J. Henderson, contra.

PER CURIAM. After careful consideration of the motion for a new trial, the court is unanimously of the opinion that no reason appears why the judgment refusing a new trial should be reversed on the general grounds of the motion, or, in so far as sufficient to raise a question for decision, on the special grounds other than ground 7. The majority of this court are of the opinion that ground 7, which complains that the judge in his charge intimated or expressed an opinion in its nature interfering with the unqualified right of the jury to determine for itself, either with or without reason, whether the defendant will suffer life imprisonment instead of being executed, is without merit.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, Chief Justice, dissenting. It is unnecessary to cite the numerous decisions of this court which have announced and several times forcibly reiterated the proposition that it is the right of the jury (after having determined that the defendant is guilty of murder) to say, by their recommendation of life imprisonment or to the mercy of the court (if either be stated in their verdict), that the defendant not be electrocuted. Any intimation by the court that in the slightest degree tends to prevent the jury from exercising their right to substitute life imprisonment for capital punishment impinges upon the unqualified right of the jury to relieve the accused from a sentence of death and to allow him at least to retain his life. Under all the previous decisions of this court, the trial court is to leave the jury to exercise its prerogative without even the slightest suggestion of any reason which might tend in any degree to induce the jury to refuse the recommendation. In my opinion, when the judge told the jury that "In all cases it is the right and province of the jury, in the event they convict the defendant, to recommend that he be imprisoned for life, or recommend him to the mercy of the court, which would mean that he would be imprisoned for life, *unless pardoned*" (italics mine), he at least suggested to the jury one reason why a recommendation to life imprisonment would be ineffectual, from which it would naturally follow in the minds of the jury that the de-

fendant, if pardoned, would receive less than life imprisonment. It must be remembered that it is not necessary that the jury have any reason at all, if they desire to make a recommendation, under all the previous decisions of this court; and I can not understand why this suggestion from the court, coming from the mouth of the judge, might not create in the minds of some of the jurors, who might overpersuade their fellows, the conviction that they ought not to take any chances by granting a recommendation. Under the previous rulings of this court no reason need be given, because the jury are not required to have any reason for their grant or refusal of a recommendation. The jury could, from pity or sympathy or anything entirely within the law or the result of the law or of any enforcement of the law, make a recommendation, and the court's suggestion to them that, inasmuch as if they recommended the defendant to life imprisonment, their recommendation might be supplanted by a pardon, with the result that the convict would escape the penalty the jury intended to inflict, interfered with the exercise of their right to recommend clemency. The thought of the pardon might never have occurred to them but for this suggestion from the court. If the court in any case where the defendant asks for a recommendation suggests to the jury any reason why the recommendation should perhaps not be granted, it comes from such a high source that, as a practical matter, the jury will seldom disregard the suggestion, and our previous decisions upon this subject will be obliterated.