## DELINSKI *v.* DUNN *et al.*

HAWKINS, Justice. This is the third appearance in this court of this case (*Delinski* v. *Dunn,* 206 *Ga.* 825, 59 S. E. 2d, 248; 207 *Ga.* 723, 64 S. E. 2d, 44), which was a habeas corpus proceeding instituted by W. Randolph Delinski before the Ordinary of McDuffie County, who was without jurisdiction to try the case at all, had the point been timely made, since the petition showed on its face that at the time it was filed the applicant was confined in a penal institution in Baldwin County. *McBurnett* v. *Warren,* 208 *Ga.* 225 (66 S. E. 2d, 49); *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780). On the trial now under review, the applicant offered and the ordinary admitted in evidence certain excerpts from letters written to counsel for the applicant by Robert Carter, Chief Clerk, and by J. B. Hatchett, Assistant Director, of the State Board of Corrections, purporting to recite what certain records and copies of sentences in the office of the board disclosed as to whether the sentences of the applicant were to run concurrently or consecutively and as to when the sentences expired. Objection was made to the introduction of these portions of the letters and uncertified office copies of the sentences referred to therein, upon the ground that the copies of the sentences were not properly certified or authenticated, and that the letters sought to state what the records of the board disclosed at a given time, and that the records themselves would be the highest and best evidence. These objections were overruled by the ordinary, and exceptions to the rulings are contained in the petition for certiorari, which was sustained by the superior court. To this judgment exception is here taken. *Held:*

1. The ordinary erred in overruling the objections and admitting in evidence the uncertified copies of sentences and excerpts from letters purporting to recite what the records of the State Board of Corrections

disclosed, and the superior court did not err in sustaining the certiorari complaining of these erroneous rulings. *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751, 755 (26) (12 S. E. 18); *Gorham* v. *Montfort,* 137 *Ga.* 134 (1) (72 S. E. 893); *Nelson* v. *Solomon,* 112 *Ga.* 188 (1) (37 S. E. 404).

2. In a habeas corpus proceeding of this kind there is no plaintiff and no defendant, and there is no suit in the technical sense. "The person to whom the writ is directed makes response to the writ, not to the petition. . . When an answer is made to the writ, the responsibility of the respondent ceases." *McBurnett* v. *Warren,* 208 *Ga.* 225, 228 (66 S. E. 2d, 49). If the respondent should admit an allegation of the petition that the restraint of the applicant was illegal, such answer is overcome by further allegations of the response to the writ showing that the sentences under which the applicant is being held were to run consecutively and had not expired. Assuming, but by no means conceding, that counsel for the respondent could, on the trial of a case of this character, assume the burden of proof, it was carried prima facie in this case when the respondent introduced in evidence properly certified copies of the sentences which were imposed upon the applicant on September 13, 1933, aggregating 21 years minimum, and which showed on their face that they were to be served consecutively, and that only 15 years, 11 months, and 5 days had intervened between the time the sentences were imposed and the date on which the applicant was released by the ordinary on August 18, 1949. By this proof the burden was shifted to the applicant to show that such sentences had expired by reason of the statutory good time or extra good time to which he was entitled under the rules and regulations of the State Board of Corrections. As pointed out in the dissenting opinion when this case was here before, under the rulings of this court in *Chattahoochee Brick Co.* v. *Goings,* 135 *Ga.* 529 (69 S. E. 865) and *McConnell* v. *Floyd County,* 164 *Ga.* 177 (2) (137 S. E. 919), the only way in which the applicant can show that he is entitled to good time or extra good time is by the records which the prison authorities are required to keep. Code (Ann. Supp.), §§ 77-354, 77-380. From the oral testimony, excerpts from letters, unauthenticated copies of sentences, rules and regulations of the State Board of Corrections as to the computation of good time and extra good time appearing in the record in this case, it is impossible for the trial judge, the superior court, or this court, to determine whether or not the applicant is entitled to be released. If either party to this controversy would introduce, in addition to the certified copies of the sentences imposed upon the applicant, the rules and regulations of the State Board of Corrections, and properly authenticated copies of the records which the board is required to keep showing the good time or extra good time, if any, to which the applicant is entitled, and whether or not, if earned, any of the good time had been forfeited, it would be a simple matter of mathematical calculation to determine whether the sentences imposed upon the applicant had expired.

3. Under the circumstances disclosed by the record in this case, and the

404

rulings hereinbefore made, the judge of the superior court did not err in sustaining the certiorari.

*Judgment affirmed. All the Justices concur.*

No. 17988. Argued October 14, 1952—Decided November 12, 1952.

*Randall Evans Jr.* and *Alex S. Boone,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* and *Durwood Pye,* contra.