## 18740.  BLAND *v.* THE STATE.

SUBMITTED SEPTEMBER 16, 1954—DECIDED OCTOBER 13, 1954—
REHEARING DENIED NOVEMBER 10, 1954.

*Robert J. Duffy,* for plaintiff in error.

*Andrew J. Ryan, Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

DUCKWORTH, Chief Justice. Since the evidence amply supports the verdict and there is no merit in the second special ground of the amended motion for new trial, the fate of this case rests entirely upon the first special ground, which complains because, in response to a request by the jury after it had deliberated some time, the judge read and discussed some of the published rules and regulations of the Pardon and Parole Board concerning the granting of paroles and pardons by the board.

Unfortunately, this court has heretofore been unable to render a unanimous decision on this precise question. *McRae* v. *State,* 181 *Ga.* 68 (181 S. E. 571); *Thompson* v. *State,* 203 *Ga.* 416 (47 S. E. 2d 54); *Strickland* v. *State,* 209 *Ga.* 65 (70 S. E. 2d 710). But we have unanimously decided another and similar question, to wit: The prosecuting attorney can lawfully argue these rules and the possibility of a pardon or parole. *McLendon* v. *State,* 205 *Ga.* 55, 63 (52 S. E. 2d 294). See cases therein cited and also

*Strickland* v. *State*, 209 *Ga.* 675 (75 S. E. 2d 6). If, as held, the solicitor-general is allowed to discuss the law pertaining to pardons and paroles, and we are all bound by the full bench decision so holding, is it not paradoxical to hold that the judge can not explain that law to the jury in a non-partisan and fair manner? Do we stand for concealing law, bearing directly upon punishment for crime, from the jury which must fix the punishment? Is it to be the policy of judicially silencing the trial judge on that matter while it is freely tossed around by a partisan counsel? Finally, can it be seriously contended that the members of society, the relations of the slain, and even the jurors themselves, are not entitled to have the jury correctly informed of the true meaning of their verdict containing a recommendation to mercy which they can make, arbitrarily and without reason, before they take such far-reaching action? How can the law claim to be just, fair, and right while it demands that jurors act blindly on that matter? What would those who see virtue in such concealment have had the judge to have done in this case? The jury on its own motion asked for information on pardons and paroles. Should they have been told that it was none of their business? Had that been done after they showed that they were thinking about it, is it not perfectly indicated that, having failed to learn that the accused could not soon escape life imprisonment by pardon or parole, they would have returned a verdict without a recommendation? Judges ought to abandon the old erroneous ideas that jurors are robots, motionless when left to their own resources. The jurors here demonstrate their thinking powers, their independence, and their dependability, and judges should try to keep up with jurors instead of continuing to tie and trip them. The accused remained silent when the judge answered the jury's questions and thus waived any objection by so doing. *Gravett* v. *State*, 74 *Ga.* 191. It follows that the court did not err in refusing to grant the motion for new trial, as amended, as there is no merit in any of the grounds thereof.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Head and Mobley, JJ., who dissent. Almand, J., concurs specially.*

ALMAND, Justice, concurring specially. It appears from the record that, at the time the jury asked the court for certain information relative to the possibility of the defendant not serving a life sentence if such sentence should be imposed upon him, neither the defendant nor his counsel made any objection to the court answering the jury's question. The defendant's objection was first made in the amendment to his motion for a new trial. This comes too late. After neither objecting to the court answering the question, nor moving for a mistrial after the court had explained to the jury the conditions under which a parole could be granted by the Board of Pardons and Paroles, the defendant cannot for the first time urge his objection in a motion for a new trial. I adhere to the rulings in *Thompson* v. *State*, 203 *Ga.* 416 and *Strickland* v. *State*, 209 *Ga.* 65 (1), which hold that in the trial of one for murder, it is erroneous for the trial judge to charge the jury, in response to a question from the foreman, as to any facts or law pertaining to the duties and functions of the Board of Pardons and Paroles. These rulings should be modified to the extent that error on such a recharge cannot be assigned in a motion for new trial unless either (a) objection was made at the time the request was made to the court by the jury, or (b) a motion for a mistrial was made at the time the court gave the erroneous recharge. We do not have before us a case where the prejudicial part of the court's charge was a part of the main charge, where counsel has no opportunity of knowing what the court will cover in its instructions, but a situation where, after the case had been submitted to the jury, they returned to the courtroom and asked the judge a question which it was not proper or lawful for the judge to answer. The defendant or his counsel must move then and there to assert their objections, otherwise they should be deemed to have waived their rights. The reason why the rulings in the *Thompson* and *Strickland* cases, supra, should be modified, is that we apparently overlooked in those cases the full-bench decision in *Gravett* v. *State*, 74 *Ga.* 191 (2a), where in a criminal case, after the jury had retired and upon their return to the courtroom had requested instructions of the court upon a particular question, it was held that the defendant and his counsel, having been in the courtroom when the special instructions were requested and given, and

having made no objections thereto, or asked for additional instructions, acquiesced in what was done.

I do not agree to the ruling that the instructions by the court in its recharge were not erroneous. I adhere to the rulings in the *Thompson* and *Strickland* cases, supra, that such instructions are improper, and where given constitute prejudicial error. I do not agree that the ruling in *McLendon* v. *State,* 205 *Ga.* 55. (5), and other cases cited in the majority opinion, are controlling here. In each of those cases, the objection was to the argument of the prosecuting attorney in telling the jury that, if the prisoner was given a life sentence, he probably would be paroled or pardoned. It is quite a different thing for the court to inform the jury under what circumstances a defendant serving a life sentence may be pardoned or paroled. The jury takes the law only from the court. When the prosecuting attorney refers to the possibility of a pardon or parole, it is merely a matter of argument, and in no way binds the jury; but when the court speaks, the jury receives it with solemn verity, as coming from the only source that they can look to as binding upon them. In the trial of a capital case, where the jury have the power of sentencing the defendant to death, or recommending him to mercy, the court should not give any instructions that would in the remotest realm influence them for or against mercy.

I concur specially in the ruling in the first headnote and corresponding division of the opinion. In other rulings and the judgment of affirmance I fully concur.

HEAD, Justice, dissenting. In *Thompson* v. *State,* 203 *Ga.* 416, in an opinion prepared for this court by the writer, concurred in by six Justices, with one Justice not participating, it was said in part that, where a question is propounded by a juror that involves the functions of a separate and distinct branch of the government, the jury should be told that such matters can not be the subject of any instruction by the court. I adhere to the rulings made in the *Thompson* case, supra, and I believe that the rulings there announced demand that the judgment in the present case be reversed.

The trial judge in the order denying the amended motion for new trial stated: "The court then read from section IV, page 3, of a printed pamphlet entitled 'State Board of Pardons and Pa-

roles, Policies, Rules and Regulations' promulgated in 1952 and furnished this court by the State Board." Neither the Constitution of 1945, art. V, sec. I, par. XI (Code, Ann., § 2-3011), creating a State Board of Pardons and Paroles, nor the act of the General Assembly pursuant to the Constitution (Ga. L. 1943, pp. 185-195), purports to confer upon the State Board of Pardons and Paroles any power to promulgate rules and regulations having the force and effect of law. See *Glustrom* v. *State,* 206 *Ga.* 734 (58 S. E. 2d 534). In the present case the trial judge charged the jury from a pamphlet that was not introduced in evidence, and about which there was no evidence before the court, in violation of the well-established rule of law that it is error for the trial judge to charge on any principle that is not supported by evidence. *Paschal* v. *Davis,* 3 *Ga.* 256; *Harrison* v. *Thompson,* 9 *Ga.* 310; *Byrne* v. *Doughty & Beall,* 13 *Ga.* 46; *McBain* v. *Smith,* 13 *Ga.* 315; *Henderson* v. *Stiles,* 14 *Ga.* 135; *Gray* v. *Cole,* 20 *Ga.* 203; *Hindsman* v. *Worthen,* 22 *Ga.* 47; *Daniel* v. *Johnson,* 29 *Ga.* 207; *Patten* v. *Newell,* 30 *Ga.* 271; *McLean* v. *Clark,* 47 *Ga.* 24, 25; *Mobley* v. *Breed,* 48 *Ga.* 44; *Bank of Washington* v. *Ellington,* 66 *Ga.* 280; *Robertson* v. *Wilder & Co.,* 69 *Ga.* 340, 341; *Savannah, Florida & Western Ry.* v. *Stewart,* 71 *Ga.* 427; *Bland* v. *State,* 210 *Ga.* 100, 107, and cases cited.

Courts do not take judicial notice of the laws of another State. If they are to be relied upon, they must be before the court in evidence. *Champion* v. *Wilson & Co.,* 64 *Ga.* 184; *Craven* v. *Bates, Kingsbery & Co.,* 96 *Ga.* 78 (23 S. E. 202); *Alropa Corp.* v. *Pomerance,* 190 *Ga.* 1 (8 S. E. 2d 62). Nor do courts take judicial notice of municipal ordinances. *Mayson* v. *City of Atlanta,* 77 *Ga.* 662, 663 (5); *Western & Atlantic R. Co.* v. *Young,* 81 *Ga.* 397 (7 S. E. 912, 12 Am. St. R. 320); *Griffin* v. *State,* 183 *Ga.* 775, 779 (190 S. E. 2). Nor can courts take judicial notice of the regulations of the Department of Revenue. *Bernstein* v. *Peters,* 69 *Ga. App.* 525, 532 (26 S. E. 2d 192). In *Glaze* v. *Bogle,* 105 *Ga.* 295, 298 (31 S. E. 169), this court laid down the rule: "In the trial of one case the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court; much less can this court take notice of the exist-

ence of a record not introduced in evidence in the court below." In *Delinski* v. *Dunn*, 209 *Ga.* 402 (73 S. E. 2d 171), this court, in a full-bench decision prepared for the court by Mr. Justice Hawkins, laid down the rule that, on the application of a prisoner to be discharged on the theory that his term had expired by reason of "good time and extra good time," the court should have before it, introduced in evidence, the rules and regulations of the State Board of Corrections.

An examination of the record in this case shows that nowhere in the recharge to the jury did the trial judge read any provision of the Constitution creating a Board of Pardons and Paroles, nor did the trial judge read from the act of the General Assembly pursuant to the constitutional provision. The purported rules and regulations of the State Board of Pardons and Paroles were not in evidence, were not established in any manner recognized by the law, and could not have (under our rules of law) any probative value in a court of justice. *The trial judge did not, therefore, charge the law.*

After the trial judge had read from the purported rules and regulations of the State Board of Pardons and Paroles, the following occurred:

"The Foreman: One more question, sir. Does the judge have to recommend or go along with the Parole Board in the State of Georgia; as I understand, the judge has no control over it. The Court: No, I don't even know when they consider it. The Foreman: Does the prosecuting attorney have anything to do with it? The Court: He doesn't know about it either."

The answers of the trial judge to the questions propounded did not refer to any rule of law or to any purported rule and regulation of the State Board of Pardons and Paroles, and amounted to nothing more than the statement of an opinion by the trial judge as to the method and manner of procedure by the State Board of Pardons and Paroles. It has long been the rule in this State that it is reversible error for the judge in his charge to the jury to express or intimate an opinion as to what has or has not been proved. Code § 81-1104. It has been said by this court that, even though the results of the trial show that substantial justice has been done, a new trial must, nonetheless, be granted. *Phillips* v. *Williams*, 39 *Ga.* 597; *Bohler* v. *Owens*,

60 *Ga.* 185, 186 (3). See also *Regular* v. *State,* 58 *Ga.* 264; *Lovejoy* v. *State,* 82 *Ga.* 87 (1a) (8 S. E. 66); *McVicker* v. *Conkle,* 96 *Ga.* 584 (24 S. E. 23).

I can not agree with my distinguished associates as to the effect of the ruling of this court in *Gravett* v. *State,* 74 *Ga.* 191, 192 (2). In the *Gravett* case the prisoner and his counsel were in court when the recharge was given. In that case the court held: "This charge was as favorable to the defendant as to the State, and did cover the theory, both of the defense and the prosecution, as fully as did the original charge." The ruling in the *Gravett* case was simply to the effect that, if the defendant had wanted a fuller charge on the recharge by the court, he should have requested it, and not having done so, he could not complain of a correct charge because some other principle was not charged. See *O'Shields* v. *State,* 55 *Ga.* 696, 697 (4). This has always been the rule in Georgia both as to the main charge and on a recharge to the jury. In the *Gravett* case the prisoner waived nothing more than the right to request a fuller explanation than the one given, which this court said was full and fair to both the State and the accused.

Under Code § 70-207, a new trial should be granted in all cases where the presiding judge may deliver an erroneous charge to the jury against the applicant on a material point. While it is the practice in some jurisdictions to require an exception to the charge of the court to be made prior to the motion for new trial, this is not the practice in this State. There is no more reason to require that a defendant should except to a recharge of the court at the time it is made than that he should except to the main charge of the court at the time it is made. In my view of the *Gravett* case (which has never been cited or followed) it is not authority for a holding that the defendant acquiesces in an erroneous recharge because he does not make an exception at the time it is given, and I have found no authority in this State supporting such a holding. Generally, in the absence of an express waiver, the prisoner is to be considered as standing on all of his legal rights and waiving none of them. *State of Georgia* v. *Swearingen,* 12 *Ga.* 23, 29; *Hoye* v. *State,* 39 *Ga.* 718 (6); *Martin* v. *State,* 51 *Ga.* 567.

The erroneous recharge to the jury in the present case, and the

statements of opinion contained therein, denied to the prisoner a recommendation of mercy. This court is committed to the proposition that there is never a case wherein the evidence demands a verdict of guilty without a recommendation to mercy. *Glover* v. *State*, 128 *Ga.* 1, 7 (57 S. E. 101); *Barfield* v. *State*, 179 *Ga.* 293 (175 S. E. 582); *Jones* v. *State*, 207 *Ga.* 379, 380 (3) (62 S. E. 2d 187).

If there be those who are impatient with the law's delay and the fact that the prisoner has not sooner been brought to justice, I reply in the words of Chief Justice Bleckley in *Cochran* v. *State*, 62 *Ga.* 731, 732, as follows: "Those who are impatient with the forms of law ought to reflect that it is through form that all organization is reached. Matter without form is chaos; power without form is anarchy. The state, were it to disregard forms, would not be a government, but a mob. Its action would not be administration, but violence. The public authority has a formal embodiment in the state, and when it moves, it moves as it has said by its laws it will move. It proceeds orderly, and according to pre-established regulations. The state, though sovereign, cannot act upon the citizen in a different manner from that which the laws have ordained. It cannot inflict capital punishment without first trying the prisoner according to law. There is no dispensing power. Courts have none. Courts are bound by the law no less than the prisoner at the bar."

For the reasons stated, it is my considered opinion that justice and the law require the grant of a new trial.

I am authorized to say that Presiding Justice Wyatt and Justice Mobley concur in this dissent.