*ROBINSON *vs.* THE STATE OF GEORGIA.

1. The evidence required defendant's conviction for gaming. The boy who waited on the owner of the chips brought him two stacks; two of those with whom he played had paid for their chips, and though the police broke up the game before he had paid for his, yet when he won some of theirs or lost some of his to them, he gambled by betting at the game of poker. That he got them on credit is apparent from these facts, and that they represented money is proved by two witnesses.
2. Any time within two years the state may prove that he played the game of poker at this place of gambling. It is not confined to the particular day charged in the accusation.
3. The charge of the court is the law of the case; and if it were not, as the evidence required the verdict, error in the charge would not operate to give the defendant a new trial, because another trial could not change the result.

Judgment affirmed. (Head-notes by the court.)

March 23, 1886.

JACKSON, Chief Justice.

[Robinson was tried in the city court of Atlanta upon an accusation charging him with gaming, and was found guilty. He moved for a new trial, on the following among other grounds :

(1.) Because the court refused to charge as follows: " The chips represented what was actually paid for them, and if the defendant did not pay anything for them they had no value. If they were bought on credit, they were not valuable, as it was an illegal contract which could not be enforced."

(2.) Because the court charged as follows : " A thing is a thing of value either when it has some pecuniary value, or can be turned into money or exchanged for something else which has a pecuniary value. Checks or chips, which represented money and are payable in money, are things of value in the sense of the law; and this would be true

---

*The head-notes in the following three cases contain the entire opinion of the court in each.

whether the owner of such checks or chips had paid for them or not. If they belonged to him and were payable in money, they would be things of value, though he had bought them on a credit."

(3.) Because the verdict was contrary to law and evidence.

The motion was overruled, and the defendant excepted.]

FERGUSON, next friend, *vs.* THE COLUMBUS AND ROME RAILWAY, and *vice versa.*

1. Where the superior court has awarded a nonsuit upon the ground that the evidence did not authorize a verdict for the plaintiff, and this judgment was reversed by the Supreme Court, and upon the trial of the case a verdict was rendered for the plaintiff, it is error for the superior court to grant a new trial on the ground that the verdict is contrary to and without evidence to support it, the facts being substantially the same on the last trial as they were when the nonsuit was granted.

2. Where a railroad company leaves a dangerous machine, such as a turn-table, unfastened in a city, on a lot which is not securely inclosed, and where people and children are wont to visit it and pass through it, this is negligence on the part of such company; and where an infant of ten or twelve years of age resorted to the turn-table, and in riding upon it was dangerously and seriously injured, the railroad company is liable for damages for such injuries to the infant.

3. And this is so, notwithstanding the father of the infant permitted her to go near the turn-table to carry breakfast to a minor brother, who had been left by the father to protect other property of the company than the turn-table. The fault of the father, if any, is not attributed to the infant, the action being brought by the infant herself.

Judgment in main case reversed; affirmed on cross-bill of exceptions. (Head-notes by the court.)

June 2, 1886.

HALL, Justice.

[This case was before the Supreme Court at the last term, and a full report of it will be found in 75 *Ga.* 637.]