## JOHNSON *v.* THE STATE.

GILBERT, J. ·1. One ground of the motion for a new trial complains that the solicitor-general, in his argument to the jury, urged that the defendant be found guilty without a recommendation, and that as a result thereof such a verdict was returned. *Held,* that the solicitor-general did not exceed the bounds within which he had the lawful right to argue; therefore no cause for the grant of a new trial is shown.

2. A ground of the motion for a new trial complains " that while he [the defendant] was present during the entire trial, up to and including the charge of the court, that after the jury retired to consider their verdict

34

he was involuntarily removed from the bar of the court· and placed in the prisoner's room or cell, opening upon the court-room and into the court-room proper; that said prisoner's cell is in the room adjacent to the court-room, but that the door opening from the court-room into said prisoner's cell, in which movant was involuntarily held, opens upon the court-room proper, and from this prisoner's cell, one who is incarcerated therein can see into the court-room proper and may be seen through the bars or gratings of the door opening into the court-room; while thus incarcerated the jury filed into the bar of the court, and the court addressed the foreman, asking if the jury had agreed upon a verdict. The foreman answered that they had agreed upon a verdict. The court then addressed the sole counsel of record for the defendant, and asked if he waived the call of the jury. Counsel for the defendant answered that he did. The indictment bearing the verdict was delivered to the clerk, but before it was published or made known or read by the clerk the court discovered that the defendant was in the prisoner's room opening upon the court-room, and ordered that he be brought inside the bar of the court. The prisoner was then brought to the bar of the court, and in the presence of the court and jury the court then ordered the verdict published, and the same was read by the clerk in the presence of movant, the defendant. Neither the defendant nor his counsel was asked, after the defendant was brought into the court-room, if the poll of the jury was waived; but neither the defendant, the movant herein, nor his ·counsel requested or demanded the jury be polled either before or after the verdict was published. Defendant insists that such procedure, especially the waiving of the call of the jury, was error, for the reason that the same invaded his legal right to be present at all times throughout the entire trial. Defendant insists that the failure of the court to have this procedure, especially the call of the jury or waiver of the same, repeated after he was brought into the court-room was error, for the reason that he was thereby deprived of a legal right to have the entire procedure of his trial in his presence." *Held*, that a fair interpretation of all the circumstances detailed above authorizes the presumption that the, accused was within sight and hearing of all that took place during the entire trial, and was therefore present. He was deprived of no substantial right. This ground of the motion, therefore, does not show cause for the grant of a new trial.

(*a*) The facts of this case differ from those in *Wilson* v. *State*, 87 *Ga.* 583 (13 S. E. 566), where a new trial was granted because the court recharged the jury in the absence of the accused and while the latter was in an adjoining room in the custody of an officer. In the *Wilson* case, as appears from the record of file in this court, the accused was in a "closed room" and did not know anything of the recharge until afterwards.

3. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting from the ruling in the second headnote.*

No. 3266. NOVEMBER· 18, 1922.

Indictment for murder. Before Judge Hardeman. Emanuel superior court. May 3, 1922.

*I. W. Rountree,* for plaintiff in error.

*George M. Napier, attorney-general, Walter F. Grey, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.