## GILLELAND v. WELCH.

JENKINS, Presiding Justice. 1. It is the duty of the jury to take the law as given in charge by the court and apply it to the evidence as adduced on the trial, and make their verdict accordingly. *Livingston* v. *Taylor,* 132 *Ga.* 1 (2) (63 S. E. 694); *Jones* v. *McElroy,* 134 *Ga.* 857 (68 S. E. 729, 137 Am. St. R. 276). See also *Darsey* v. *State,* 136 *Ga.* 501, 504 (71 S. E. 661); *Holton* v. *State,* 137 *Ga.* 86 (8) (72 S. E. 949); *Hill* v. *State,* 148 *Ga.* 521 (3) (97 S. E. 442); *Harris* v. *State,* 190 *Ga.* 258 (6) (9 S. E. 2d, 183).

2. In the absence of a valid attack on the pleadings, or on the admissibility of evidence, where a judgment follows the verdict, and the verdict is supported by the evidence in accordance with the charge, the case will not be reversed unless material error in the charge is specifically excepted to, and then only where the erroneous portion of the charge complained of is set forth and a valid reason why it is error is specifically stated in the exceptions thereto. In other words, an exception to an erroneous charge must be based on a valid, as distinguished from an invalid, reason; and a new trial will not be ordered except for some valid reason assigned. Code, §§ 6-1607, 24-4506.

3. In the instant suit for specific performance by an alleged purchaser of

realty, it appears that the owner of the realty executed a power, which is set forth in the statement of facts, authorizing the agent to effect a contract for the sale of the described land, providing therein that the owner would execute title to the purchaser procured by such agent at the price and on the terms stipulated by the power. It was stipulated in the instrument signed by the owner that the contract price was $3500, "to be paid as follows: $750 cash, $1650 December 1st, 1943, assume a loan of $1,100." On August 14, 1943, before the time, as the owner testified, when he withdrew the agent's authority to sell, which was on August 15, 1943, the plaintiff testified that he signed an acceptance of the agent's offer, the written acceptance being in evidence, and delivered to the agent $500, which was receipted for by the agent, the receipt being also in evidence; that later on August 28, 1943, which was at a date after the time when, according to the evidence of the defendant, the authority of the agent had been withdrawn, the plaintiff delivered to the agent another $500. Exceptions are taken to several portions of the charge of the court; the gravamen of each of the excerpts and the objections raised thereto being substantially the same, and all of these exceptions being argued together in the brief of the plaintiff in error. The first of the excerpts excepted to is as follows: "You are instructed, under the evidence, that this contract became complete on the 14th day of August, 1943, and that on that date it was incumbent on the plaintiff to pay the defendant, or his agent, D. B. Phillips, the sum of $750 in cash, unless he was excused from making such payment, or at least tendering such payment, unless such tender was refused; the law being that when a person is to pay a certain amount in cash that it must be done at that time and not at some later date." The grounds of exception taken thereto are as follows: "Said charge was error, as movant contends, for the following reasons, to wit: (a) In so charging the jury, the court construed time as of the essence of said contract, when, as a matter of fact, time was not of the essence of the contract. (b) It was error, in that it limited the time of payment of the cash payment due under said contract to too short a time, and narrowed down the time of payment of said cash payment to too limited a time; it being the law that, if this payment was to be made in cash, enough time should have been allowed in which to obtain the cash with which to make such cash payment. (c) Said charge was further erroneous, as movant contends, for that under said charge the jury was authorized to construe that such payment must have been made instantaneously, when as a matter of law the same could have been made forthwith or presently. The provision that $750 was to be paid in cash is to receive a reasonable interpretation. A substantial compliance with the provisions of the contract would not necessarily mean that the cash payment of $750 was to be made on the spot, and to charge the jury as was done in this instance excluded from them the right to apply this principle of law. (d) It was error, for that movant would have had a reasonable time to make such cash payment, and what was a reasonable time should have been left to the jury, and to so charge was in effect to enforce a penalty against plaintiff." ·Held:

Under this statement of the record, and under the rules of law given in the charge, it cannot be said that the verdict in favor of the defendant was contrary to evidence, or that the charge was erroneous for any reason assigned. If, as all of the exceptions taken to the charge assume, it was the duty of the buyer to make the initial payment of the purchase-price to the agent at the time he sought to bind himself in writing to purchase at the price and on the terms stipulated by the owner, then the portions of the charge excepted to disclose no error.

(a) Whether or not the contract between the owner and the agent merely created the relationship of a real-estate broker, whose powers were exhausted and whose duty was ended when he found a purchaser ready, willing, and able to buy, and who actually bound himself in writing to buy at the price and on the terms stipulated by the owner, as distinguished from a sales agent, who has the duty and authority not only to contract for a sale between the owner and purchaser, but whose duty and powers it is, and who actually undertakes, to fully consummate the sale itself—are questions not presented by the record under the exceptions taken to the charge. See *Humphries* v. *Smith*, 5 *Ga. App.* 340 (63 S. E. 248); *Farmers Peanut Co.* v. *Zimmerman-Alderson-Carr Co.*, 52 *Ga. App.* 265 (183 S. E. 115).

4. The jury being authorized to find that the additional $500 was paid by the alleged purchaser to the agent subsequently to the time when the agent's authority to sell had been terminated, the fact that it may have been shown that the agent still retains in his hands $250 of the amount last paid does not under any view afford a good ground for specific performance. *Judgment affirmed. All the Justices concur.*

No. 15490. JUNE 5, 1946.

*W. L. Nix,* for plaintiff.

*Marvin A. Allison, Alton G. Liles,* and *Charles C. Pittard,* for defendant.