THOMPSON *v.* THE STATE.

No. 16127. MARCH 19, 1948.

*Fred R. Belcher* and *S. B. McCall* for plaintiff in error.

*Eugene Cook, Attorney-General, H. W. Nelson, Solicitor-General,* and *Wright Lipford, Assistant Attorney-General,* contra.

HEAD, Justice. Counsel for the defendant insist that the

answer given by the trial judge to the question of the juror was highly prejudicial to the defendant, for the reason that the jury at that time was divided on the question of whether or not they would recommend mercy, and that, as a result of the court's response to the question, the jury was illegally influenced against a recommendation. An examination of the record has convinced the writer that the contention of counsel as to the division of the jury is correct. Shortly after the recharge of the trial judge (which is the basis of the complaint here), the jury returned a verdict of guilty without recommendation. The question that must now be decided is whether or not the recharge made by the trial judge with reference to the rules of the State Board of Pardons and Paroles violated a substantial right of the defendant, in that the recharge operated as an illegal influence upon the minds of the jury in reaching their verdict.

If the recharge amounts to a violation of the law as contended, a new trial will be imperative, and this is true, whether or not the evidence supports the verdict. *Hill* v. *State,* 72 *Ga.* 131; *Sanders* v. *Nicolson,* 101 *Ga.* 739 (28 S. E. 976) ; *Cohen* v. *State,* 116 *Ga.* 573, 578 (42 S. E. 781). It has been held by this court that there may be a state of facts which would demand a conviction of the crime of murder, but that under no circumstance can this court say that a general verdict of guilty, which must be followed by the infliction of the death penalty, was demanded by the evidence. See *Glover* v. *State,* 128 *Ga.* 7 (57 S. E. 101) ; *Barfield* v. *State,* 179 *Ga.* 293 (175 S. E. 582).

In this case it appears that the jury had a recommendation of mercy under consideration, and it further appears that the jury was so divided on this question that they desired instruction from the court as to when the defendant would be eligible for a pardon or parole if they should recommend mercy. In response to their request for some rule of law to guide their further deliberations, they were told that rules of the Board of Pardons and Paroles would control, which the court did not know, but "if they had a rule today and I were to tell you what it is, there would be no reason in the world why that would be the same next week, next month, or next year."

While the board may change its rules, there is a presumption

of law that the members, being public officers, will discharge their duties and follow the clear provisions of the act creating such board. (Ga. L. 1943, pp. 185-195.) The inference might well be drawn, however, from the language used by the trial judge, that the board could capriciously change, modify, repeal, or promulgate its rules and regulations, without regard to the many provisions of the act which the board is legally bound to follow.

Neither the law creating the board, nor its rules or acts as shown by its official reports to the General Assembly, can be made to substantiate the inference conveyed to the jury by the language of the judge that a recommendation of mercy could, and might, result in practically no punishment being inflicted upon the defendant, whereas the jury desired the severe punishment of life imprisonment. In effect the jury was instructed that "next week, next month, or next year" the defendant might be pardoned or paroled should the jury see fit to recommend mercy.

In *Whitley* v. *State,* 38 *Ga.* 50, 73, it was held: "A charge from such a source, from a judge commanding the confidence of all who know him, for the high attributes of integrity, ability and personal worth, could but have carried along with it to the jury, the impression it makes on us. If it had been intended (which we will, by no means, impute) to produce a verdict of guilty, we apprehend a more effectual mode, to assure such an end, could not have been pursued; indeed, it well merits the appellation of 'a hanging charge.'" As in the *Whitley case,* so it is here, had it been the purpose of the trial judge to deny to the defendant a recommendation of mercy, language could not have been selected to deny more effectively this substantial right to the defendant.

In *Hill* v. *State,* supra, it was held: "The Code leaves it in the discretion of the jury as to whether they will recommend imprisonment for life in the penitentiary of a person convicted of murder; they are not limited or circumscribed in any respect whatever; nor does the law prescribe any rule by which the jury may or ought to exercise this discretion. Therefore, a charge that the jury, in considering the question of recommending to mercy, should not be governed by their sympathies, but

by their judgments, approved by the evidence in the case, and the law applicable to it, was error." The rule in *Hill* v. *State*, supra, was approved in *Marshall v. State*, 74 *Ga.* 32.

This court has frequently held that a trial judge can not intimate or express any opinion during the progress of a trial. In *Pound* v. *State*, 43 *Ga.* 90, it was held to be error for the judge to compliment a witness upon his testimony, and a new trial was granted. In *Jefferson* v. *State*, 80 *Ga.* 16 (5 S. E. 293), it was held to be error requiring the grant of a new trial for the judge, in telling counsel not to lead the witness, to state: "These ignorant witnesses can be led to say anything in the world you want them to say, if they are interested in the party. Shrewd counsel can frame these questions so as to lead the witness to say anything they want them to say." In *Hubbard* v. *State*, 108 *Ga.* 786 (33 S. E. 814), it was held to be error requiring the grant of a new trial for the trial court to say, "That is sufficient;" where a witness, in testifying as to the time a crime was committed, finally placed it within the statute of limitations. In *Alexander* v. *State*, 114 *Ga.* 266 (40 S. E. 231), the court charged: "In criminal cases the defendant is not allowed to be sworn as a witness for himself; it would in important cases be too great a temptation to commit perjury." This court held the words, "it would in important cases be too great a temptation to commit perjury," to be such a grave error as to require the grant of a new trial. In *Jenkins* v. *State*, 123 *Ga.* 523 (51 S. E. 598), a remark by the trial judge, "Let him finish his statement, I never knew one of them to get through making his statement," was held to be error, and to require the grant of a new trial. See also *Hicks* v. *State*, 196 *Ga.* 671 (27 S. E. 2d, 307), and cases cited.

Under our constitutional form of government, the legislative, judicial, and executive powers shall forever remain separate and distinct. Constitution, art. 1, sec. 1, par. 23. It is therefore improper for a judge in the trial of a person charged with murder to state or intimate what action could be taken in the future by a separate and distinct branch of the government in regard to the determination of whether or not a person sentenced to life imprisonment should be granted freedom and be permitted

to come in contact with society. Where, as in this case, a question is propounded by a juror that involves the functions of a separate and distinct branch of the government, the jury should be told that such matters can not be the subject of any instruction by the court. The instruction given was prejudicial and operated as an illegal influence against a recommendation to mercy by the jury, and a new trial must be granted.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*