## WYNN *v.* THE STATE.

HAWKINS, Justice. This is a companion case to that of *Cade* v. *State*

ante p. 135. The defendant having been convicted of murder, without recommendation, duly filed his motion for a new trial, which was overruled by the trial court. Counsel for the plaintiff in error in this case expressly abandoned the first, second, and third (or the usual general) grounds of the motion for a new trial, and the fifth, sixth, and seventh grounds of the amended motion for a new trial, and insist only upon grounds four, eight, and nine of the motion for a new trial as amended. *Held*:

1. Whether or not it is properly raised in this case, the question sought to be presented by ground four of the amended motion for a new trial has been decided adversely to the contentions of the plaintiff in error by the decision of this court in *Cade* v. *State, supra.*

2. In *Lucas* v. *State,* 146 *Ga.* 315, 326 (91 S. E. 72), it is said: "It thus appears from the statute, and the decisions of this court applying it, that in all cases of conviction for murder, whether or not the jury would recommend a life imprisonment is within the discretion of the jury. They may do so with or without a reason, and they may decline to do so with or without a reason. They may do so as a matter of public policy, or out of mere sympathy for the prisoner, or they may decline to do so for reasons of public policy, or on account of absence of sympathy for the accused. The question of recommendation has nothing to do with the issue as to guilt or innocence of the accused. The granting of it in cases of conviction is mere matter of grace that comes after guilt is established. In view of the broad discretion of the jury, it is not improper to allow counsel to refer to the possibility of the accused, at some future time, being pardoned by the Governor if he should be recommended to mercy by the jury."

(a) Under the foregoing principle, the trial court did not err, as complained of in ground eight of the amended motion for a new trial, in refusing to declare a mistrial, or in failing to rebuke the solicitor-general, or to instruct the jury to disregard his argument: "If you give him life, what does it mean, I ask you? Are you going to give him life and let him escape from the chain-gang?" See also *Thornton* v. *State,* 190 *Ga.* 783 (10 S. E. 2d, 746); *McLendon* v. *State,* 205 *Ga.* 55 (52 S. E. 2d, 294).

3. The ninth ground of the amended motion for a new trial complains of the failure of the trial court to declare a mistrial, upon motion therefor by counsel for the defendant, because of the argument of the solicitor-general before the jury, that "There is no difference in this case and Cade who was sentenced to death on yesterday, and Mays who was tried Monday and sentenced to death." It appears from this ground of the motion that counsel for the defendant, in his opening argument to the jury, had stated: "Lincoln Mays was convicted Monday and given death sentence; Charlie L. Cade was convicted Tuesday and given death sentence." The evidence in the case shows that this defendant was present with Cade and Mays at the time J. K. Joe, for whose alleged murder the defendant was on trial, was robbed and killed, participated in the robbery, and received a portion of the money then taken, and the brief of evidence discloses that J. O. Smith, a witness called in behalf of the State, testified on cross-examination and without objection that Mays and Cade had been convicted and sen-

tenced to death. Under the foregoing facts, the trial court did not err in refusing to declare· a mistrial. *Manchester* v. *State*, 171 *Ga.* 121, 132 (7) (155 S. E. 11).

*Judgment affirmed. All the Justices concur.*

No. 17153. JULY 11, 1950.

R. Lee Chambers III, George C. Nicholson, and Robert J. Goldin, for plaintiff in error.

Eugene Cook, Attorney-General, George Hains, Solicitor- General, W. Inman Curry, F. Frederick Kennedy, and Robert E. Andrews, contra.