## STRICKLAND *v.* THE STATE.

No. 17835. ARGUED APRIL 14, 1952—DECIDED MAY 12, 1952.

*Robert J. Duffy,* for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Ryan, Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson* and *Rubye Jackson,* contra.

ALMAND, Justice. Robert Remer Strickland, on the trial of an indictment for the murder of James Lawton Lewis, was found guilty without a recommendation, and sentenced to death by electrocution. His motion for new trial as amended was overruled, and the case is here on a bill of exceptions assigning error on this order.

Special ground A of the motion for a new trial assigns error on a recharge of the court to the jury. The record discloses that the case was submitted to the jury about 4 o'clock p.m., and, after they had been considering the case for about 3 hours, the court called the jury to the courtroom, and after inquiry as

to whether they had been able to reach a verdict, the foreman informed the court that they had been unable to agree. After informing the court that the question bothering them was one of fact and not of law, the foreman asked the following question: "I have heard the question asked or discussed to some extent, but I don't exactly understand the law; when a man is convicted and sentenced to life imprisonment, what is the probability of his serving a complete life sentence? What is the law in connection with that? Would he be granted some further consideration in later years?" The court thereupon replied: "Well, the rule there is that, when a prisoner is given life imprisonment, he becomes entitled to a parole after seven years; after he has served seven years he is entitled to parole. Now, whether he gets it or not is a question for determination by the Parole Board; I have nothing to do with that; if he gets life imprisonment, he is sentenced to life imprisonment, but whether he serves more than seven years is a question for the Parole Board to determine.; they review his record before and after sentence and say whether he should be released. Now, gentlemen, if you can get a verdict within fifteen or twenty minutes that will be all right; otherwise, I will have Mr. Purdy or some other deputy take you to dinner."

Complaint is made that the court instructed the jury that, where one is sentenced to life imprisonment, he would be "entitled" to a parole after serving 7 years, when as a matter of fact and law, under the rules of the Board of Pardons and Paroles, he would only become "eligible" for a parole; the charge was misleading, confusing, and prejudicial, in that the jury were led to understand that, if the defendant was given a life sentence, he would serve only 7 years, and such charge was the moving cause of the jury returning a verdict without a recommendation of mercy; that, at the time the recharge was given them, the jury had been unable to agree upon a verdict, and after the recharge, upon their retiring, they reached a verdict in 6 minutes, finding the defendant guilty without a recommendation; that the erroneous statement that, if the jury were to give a life sentence, the defendant would be entitled to a parole in 7 years, was the cause of their returning a verdict of guilty without a recommendation.

We are of the opinion that, under the ruling in *Thompson* v.

*State,* 203 *Ga.* 416 (47 S. E. 2d, 54), this instruction was harmful and prejudicial error requiring the grant of a new trial. In that case, the defendant had been convicted of murder without a recommendation of mercy. After the jury had been out for a considerable length of time, they were called in by the court in regard to their progress in reaching a verdict and a recharge was given by request of the jury on the subject of recommendation of mercy. They were called in a second time, but requested no instruction. At this time, the following took place: "The Court: 'All right, gentlemen, what can we do for you?' A Juror: 'There is one question that we would like to ask, if we may: when is a man eligible for parole or pardon serving a life sentence?' The Court: 'I don't know. Those things are regulated by rules and regulations formulated and promulgated by the Pardon and Parole Board. As to the matter that you inquire about, that is something that the Parole Board can change the rules about as often as they desire to do so, and just what the rule is at this particular time, I do not recall. If they had a rule today, and I were to tell you what it is, there would be no reason in the world why that would be the same next week, next month, or next year.' The Juror: 'That will answer the question, and we have made some progress.'" It was held that such instruction was prejudicial and operated as an illegal influence against the recommendation to mercy by the jury, and a new trial was ordered. Though it be conceded that the word "eligible" has the same meaning as "entitled," and under the entire instruction the jury were not misled into the belief that one would be entitled as a matter of right to a parole at the end of 7 years, it is our opinion that, under the facts of the instant case, it was harmful and prejudicial error for the judge to instruct the jury as he did in regard to what the Parole Board could or could not do. Code § 26-1005 leaves it entirely within the discretion of the jury as to whether they will or will not recommend life imprisonment for one convicted of murder. The law does not prescribe any rule under which the jury may or ought to exercise their discretion. *Hill* v. *State,* 72 *Ga.* 131. Any charge, instruction, or suggestion as to the causes for which a jury could or ought to recommend mercy is error sufficient to set aside a verdict of guilty where no such recommendation is made. *Cohen*

v. *State*, 116 *Ga.* 573 (42 S. E. 781). From the record in this case, it appears that, when the recharge complained of was given, the jury had not reached a verdict, but after the recharge a verdict was reached within 6 minutes. The jury having been instructed that it was possible for the defendant, if given a life sentence, to be relieved from imprisonment in 7 years, it is reasonable to draw the conclusion that in exercising their discretion the jury took into consideration what the Parole Board might do at the end of 7 years if the defendant were given a life sentence, and did not take into consideration other facts and circumstances that would have moved them, in their discretion, to recommend mercy.

Our ruling here is not in conflict with such cases as *Lucas* v. *State*, 146 *Ga.* 315 (7) (91 S. E. 72); *Manchester* v. *State*, 171 *Ga.* 121 (7) (155 S. E. 11); *White* v. *State*, 177 *Ga.* 115, 125 (5) (169 S. E. 499); *Sloan* v. *State*, 183 *Ga.* 108, 109 (1) (187 S. E. 670); *Thornton* v. *State*, 190 *Ga.* 783 (1) (10 S. E. 2d, 746); *Hyde* v. *State*, 196 *Ga.* 475 (7) (26 S. E. 2d, 744); *McLendon* v. *State*, 205 *Ga.* 55 (5) (52 S. E. 2d, 294)—for the reason that all of those cases dealt with the question of whether or not the trial court erred in refusing to declare a mistrial on account of improper argument by the State's attorney in regard to the possibility of one convicted of murder and given a life sentence being paroled or pardoned, and did not involve any instruction of the court in regard to such matter. Nor is our ruling contrary to *McRae* v. *State*, 181 *Ga.* 68 (181 S. E. 571), where the court, in its charge to the jury on the trial of one for murder, instructed them that it was their right and province, in the event they convicted the defendant, to recommend that he be imprisoned for life, "which would mean that he would be imprisoned for life, unless pardoned," and it was held, one Justice dissenting, that such charge was not cause for a new trial, and that the use of words "unless pardoned" did not interfere with the jury's right to determine for themselves whether the defendant should suffer life imprisonment instead of being executed.

■ In special ground B, the defendant assigned error on the last sentence of the recharge, "Now, gentlemen, if you can reach a verdict in fifteen or twenty minutes that will be all right; otherwise I will have Mr. Purdy or some deputy take you to dinner."

In view of the fact that a new trial is granted, and it is unlikely that the same matter of complaint will occur on another trial, we consider it unnecessary to pass on this ground. We also deem it unnecessary to pass upon the general grounds of the motion for a new trial.

It was error for the court to overrule the motion for a new trial, for the reasons stated in division 1 above.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

HAWKINS, Justice, dissenting. I dissent from the ruling here made. The judgment of reversal in this case is predicated solely upon the ground that the judge charged the jury the law. In a capital-felony case the jury has a right to recommend or decline to recommend mercy with or without any reason. They are the exclusive judges of the question as to whether or not mercy shall be recommended, and upon that question the jury is entitled to know that a life sentence really means that the defendant will serve for life, provided he is not pardoned or paroled under the rules and regulations of the Board of Pardons and Paroles. I am authorized to say that Mr. Chief Justice Duckworth and Mr. Justice Candler concur in this dissent.