## STRICKLAND v. THE STATE.

CANDLER, Justice. A grand jury in the Superior Court of Chatham County indicted Robert Remer Strickland, charging him with the murder of James Lawton Lewis. He was convicted of that offense, without recommendation, and in *Strickland* v. *State*, 209 *Ga.* 65 (70 S. E. 2d, 710), this court, by a divided bench, reversed the conviction on the ground that the charge was in specified particulars erroneous. On a second trial, he was again convicted of murder and sentenced to be electrocuted. A motion for new trial, based on the usual general grounds, was timely filed and afterwards amended by adding two special grounds complaining of statements made by the solicitor-general during his argument to the jury. His amended motion was overruled, and error was assigned on that judgment. *Held:*

1. The defendant's guilt of murder was amply established by competent evidence introduced by the State, which showed robbery to be his motive for the killing. The accused offered no evidence, but, in his statement to the jury, said in substance that he could not deny the killing; that he realized it was wrong; that he did not know why he did it; that he didn't even know the deceased prior to the homicide; that he was not angry with him; and, that if he had not been in some kind of a "mood," he would not have done it. In rebuttal, the State introduced evidence, expert and otherwise, which fully authorized the jury to find that the accused, at the time of the commission of the act charged, had reason sufficient to distinguish between right and wrong with reference thereto. The general grounds of the motion for new trial are, therefore, without merit.

2. During his argument, the solicitor-general said to the jury: "You took an oath that you were not opposed to capital punishment. That meant, that after hearing the evidence in this case, unless you could find some reason for it that you would, by your verdict, give him the death penalty." To this, counsel for the accused promptly objected and moved for a mistrial on the ground that it was a misstatement of the law, of highly prejudicial consequences and, therefore, injurious to the accused. The judge promptly announced: "Mr. Duffy [as attorney for the accused] is right on that. I will charge the jury that they may find mercy without any evidence or reason; that is a matter solely within their discretion." After this, the motion was overruled by the court, and we think properly so. Under our system of trial by jury we hold the judge responsible for a correct presentation of applicable law; and trials are not nullified in this jurisdiction by counsel's misstatement of the law, where the judge, by his charge or otherwise, correctly instructs the jury on the law so misstated. *Hudson* v. *State*, 153 *Ga.* 695 (11) (113 S. E. 519). The charge of the court is the law of the case (*Robinson* v. *State*, 77 *Ga.* 101), and jurors are bound by their oaths to take the law applicable to the case from the court, not from counsel or any other source. *Brown* v. *State*, 40 *Ga.* 689; *Habersham* v. *State*, 56 *Ga.* 62; *Council* v. *Teal*, 122 *Ga.* 61 (5) (49 S. E. 806); *Mims* v. *State*, 188 *Ga.* 702 (4) (4 S. E. 2d, 831); *Gilleland* v. *Welch*, 200 *Ga.* 789 (1) (38 S. E. 2d, 598). In this case it is not suggested that the court failed

to instruct the jury fully and correctly upon its discretionary right to recommend mercy or life imprisonment in the event of a conviction for murder; and, after looking at the record, we are satisfied that a proper charge on that subject was given. In these circumstances there is clearly no merit in this special ground, which complains of a misstatement of the law by the solicitor-general in his argument to the jury. And a different ruling is not required in this case because the solicitor-general, in later argument to the jury and while alluding to his prior complained-of statement, also said: "Well, gentlemen, I'll say this to you: You are sensible people; you .don't go out and do something just to be doing it; you generally· have a reason for what you do; you wouldn't be here if you did not have a reason for what you are going to do, and you have to satisfy yourself by some reason." To this statement there was an objection by counsel for the accused on no stated ground, and for this utterance there was no motion for a mistrial. While it is unquestionably true that the jury has a right to recommend mercy in murder convictions, with or without reason, or for any· reason satisfactory to the jury, nevertheless, the solicitor-general in such cases has a right to urge the jury to render a verdict of guilty without a recommendation and may offer to the jury plausible reasons for his position. See *Bailey* v. *State,* 153 *Ga.* 413 (112 S. E. 453); *Johnson* v. *State,* 154 *Ga.* 529 (114 S. E. 713); *Allen* v. *State,* 187 *Ga.* 178 (5) (200 S. E. 109, 120 A. L. R. 495).

3. The other special ground of the motion for new trial complains of the court's refusal to grant a mistrial, on motion therefor, when the solicitor-general, during the trial and in his argument to the jury, referred to the possibility of the accused being pardoned or paroled after the expiration of seven years' service, under the rules of the State Board of Pardons and Paroles, if given a sentence of life imprisonment upon the jury's recommendation for mercy. Under the full-bench decision in *Lucas* v. *State,* 146 *Ga.* 315 (7) (91 S. E. 72), and as followed unanimously in *McLendon* v. *State,* 205 *Ga.* 55 (52 S. E. 2d, 294), and *Wynn* v. *State,* 207 *Ga.* 141 (60 S. E. 2d, 767), there is obviously no merit in this special ground. Those cases hold that, in view of the broad discretion of the jury in recommending or failing to recommend mercy, it is not improper to allow counsel for the State in his argument to the jury to refer to the possibility of the accused, at some future time, being pardoned or paroled. For similar rulings by this court, see the several cases cited and discussed in *McLendon* v. *State,* supra. This question is so well settled by the decisions of this court that it should no longer be open to doubt.

For the reasons stated above, the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating. Almand, J., concurs specially.*

No. 18129. ARGUED FEBRUARY 9, 1953—DECIDED MARCH 9, 1953.

*Robert J. Duffey,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson Jr., Assistant Solicitors-General, Eugene Cook, Attorney-General,* and *Rubye G. Jackson,* contra.

ALMAND, Justice,, concurring specially. I concur in the ruling in division 3 of the opinion, and the judgment of affirmance, because of being bound by prior unanimous decisions of this court.