## 35813. DAVIS *v.* THE STATE.

CARLISLE, J. On May 20, 1954, the defendant was tried under an indictment for murder. He was found guilty of voluntary manslaughter and sentenced to a term of from four to eight years in the penitentiary. His motion for a new trial, based on the usual general grounds and three special grounds, was denied, and he assigns error on that judgment.

1. "On the trial of a person charged with murder, it is improper for the judge to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles"; and this is true whether such reference to the duties and functions of the State Board of Pardons and Paroles be made in the main charge, in a recharge, or in a charge made in answer to a query from the jury on the subject. *Thompson* v. *State*,

203 *Ga.* 416 (47 S. E. 2d 54); *Strickland* v. *State,* 209 *Ga.* 65 (70 S. E. 2d 710).

2. Under an application of the foregoing rule of law to the facts of the present case, the trial court erred in charging the jury as to the duties and functions of the State Board of Pardons and Paroles, even though such charge was given in answer to a query from the jury as to such board's duties and functions. Special grounds 2 and 3 are well taken, and the case must be remanded for a new trial.

3. The Court of Appeals is bound by the decisions of the Supreme Court where the point in issue is clearly settled by a decision of that court (Code § 2-3708; *Minor* v. *City of Atlanta,* 7 *Ga. App.* 817 (2), 68 S. E. 314); and, if there be a conflict in the decisions of the Supreme Court upon a given issue, this court is bound, as is that court, by the doctrine of stare decisis, and must follow the older decisions of that court upon the point involved. *Josey* v. *State,* 148 *Ga.* 468 (96 S. E. 1041). Consequently, this court is bound to follow the rule announced in the *Thompson* and *Strickland* cases, supra, and not the rule announced in *Bland* v. *State,* 211 *Ga.* 178 (84 S. E. 2d 369). Each of those cases involved precisely the same point presented in the case before this court. The *Thompson* case was a decision by six of the justices with one of the justices not participating. The *Strickland* case was a decision, following the *Thompson* case, with four justices concurring and three justices dissenting, and those cases were not overruled in the *Bland* case, in which three of the Justices took a view contrary to that announced in the *Thompson* and *Strickland* cases, one of the justices concurring specially, and three of the justices dissenting. Counsel for the State argues vigorously that the *Bland* case is controlling here, and the defendant argues that the older decisions are controlling as against the ruling in the *Bland* case. Therefore, we are called upon, in this record, to decide this issue and, with all due respect to the decisions of the Supreme Court, we are constrained to hold that the trial court erred in basing its decision on the *Bland* case.

4. The error assigned, in special ground 1 of the motion for new trial, upon the court's charge of assault with intent to murder is such as will not likely recur upon a new trial and is not considered here.

5. While it had no bearing upon the decision in the present case, the court feels that it may be of some service to both bench and bar to call attention to the recent legislative prohibition against argument in criminal cases that a defendant may not be required to suffer the full penalty imposed by the court and jury because of pardon, parole, or clemency of any nature, which may be granted by the Governor, State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency. See Ga. L, 1955, p. 191.

6. Consequent upon the rulings in divisions 1, 2, and 3 of this opinion, the trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 27, 1955.

*D. S. Bracker, W. G. Neville,* for plaintiff in error.
*Andrew J. Ryan, Jr., Solicitor-General,* contra.