## 30152. FOREHAND v. THE STATE.

HALL, Justice.

This is an appeal from a conviction for the offense of murder. The state's evidence was that the appellant fired four shots at the victim who fell to his knees. The appellant then fired two more shots into the victim. After the sixth shot, and while the victim was on the floor, the appellant took his foot and pushed the victim over while still snapping the gun at the victim. The appellant then ran from the scene.

1. The appellant enumerates error on the failure of the trial court to instruct the jury to disregard the following remarks of the prosecutor in his closing argument: "The State will contend, ladies and gentlemen, that it was a cold calculated act on the part of this man. There is evidence by the testimony, is evidence by the wounds. Shot the man in the back of the head. I don't know if any of you recall seeing a television program several weeks ago on the Nazi extermination of the Jews. Do you recall how they shot the Jews?" We find no error. See *Miller v. State,* 226 Ga. 730 (5) (177 SE2d 253).

2. The second enumeration relates to a statement by the jury foreman in response to a question from the trial court. It was late in the afternoon and the court inquired of the jury as to their progress in reaching a verdict. The foreman responded as follows: "We are not attempting to derive at it from the standpoint at which you have requested us to and it might take longer than you anticipate." The judge stated that he wasn't sure he understood the statement. The foreman replied as follows: "We voted two times and we have one more to vote and will go back. We might not be able to rush back. If we need to convince the verdict of either charges you have asked us to come up with we will let you know." The appellant contends these statements show that the jury was not following the law as charged by the court. We disagree with appellant's interpretation and furthermore the point is not reviewable for the reason that counsel did not raise the matter by any objection or motion in the trial court. *Allen v. State,* 233 Ga. 200 (2) (210 SE2d 680).

3. Appellant's enumeration that the trial court erred

in failing to charge the jury that venue was an essential element of the offense is without merit. Venue was proven and the court correctly charged on reasonable doubt. See *Harwell v. State,* 230 Ga. 480 (1) (197 SE2d 708).

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent from Division 1 and from the judgment.*

ARGUED JULY 10, 1975 — DECIDED SEPTEMBER 11, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*Thomas C. Bianco, Paul McGee,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

The majority opinion holds that it is not error for the prosecutor, in argument to the jury, to refer to a television program on Nazi extermination of the Jews, citing *Miller v. State,* 226 Ga. 730 (5) (177 SE2d 253).

In *Miller,* supra, the prosecutor characterized the defendant as a brute, a beast, an animal and a mad dog who did not deserve to live.

Neither in *Miller* nor any case cited in *Miller* nor in any case cited by the state in its briefs, has this court condoned a prosecutor's argument referring to different crimes committed by different persons.

In *Wynn v. State,* 207 Ga. 141 (3) (60 SE2d 767), the court held that the trial court did not err in refusing to declare a mistrial when the prosecutor argued that the death penalty had been given two conspirators in separate trials earlier that week for the murder also charged to the third defendant. However, the defense had elicited testimony from a witness for the state as to those trials and death sentences. Thus, the court did not condone the argument but found that the defendant was not in position to complain.

In *Patterson v. State,* 206 Ga. 260 (3) (56 SE2d 501), the court held that a mistrial was not required where the

prosecutor argued that the electric chair fits anyone found guilty of murder, but did not make reference to any other cases, defendants, or trials. Implicit in that decision is the contrary rule, that the prosecutor is not to argue about other cases, defendants or trials.

The rule is that arguments of counsel "shall be confined to the law and the facts involved in the case then before the court, . . ." Code Ann. § 24-3319. "It is not objectionable for counsel to embellish the argument with figurative speech, provided prejudicial facts extrinsic of the record are not introduced." *Taylor v. State,* 121 Ga. 348 (7) (49 SE 303). Counsel may argue that a rapist should be convicted for the protection of women (*Powell v. State,* 179 Ga. 401 (4) (176 SE 29)), or that murderers who come here for the purpose of assassination should be sentenced for the protection of the community (*Chenault v. State,* 234 Ga. 216 (7) (215 SE2d 223)).

However, an argument that the defendant on trial should be convicted or sentenced to death because this crime resembles an infamous crime committed by others, is highly improper and prejudicial. While a reference to Brutus stabbing Caesar would not likely provoke emotion in a jury today, reference to the Nazi extermination of the Jews certainly comes within the prejudicial category.

Although the state did not seek the death penalty in this case, the prosecutor considered that this inflammatory argument was helpful in securing a conviction, the defense objected promptly, and the trial court did not, as required by Code Ann. § 81-1009, rebuke the prosecutor or instruct the jury to remove the improper impression from their minds.[1] Thus, the jury was not aware that the trial court disapproved such tactics. By this opinion, the majority do not make known to trial judges and lawyers that this court disapproves such tactics.

I disapprove and I therefore respectfully dissent from

---

[1] In *Quaid v. State,* 132 Ga. App. 478, 485 (208 SE2d 336), the court apparently instructed the jury that there was no evidence to justify the prosecutor's reference to Judas or thirty pieces of silver.

the first division of the majority opinion, and from the judgment.

I am authorized to state that Justice Gunter and Justice Ingram join in this dissent.